**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------x
:
THERESA FOREMAN, :
:
                *Petitioner*, :
:   Civil Docket No. 3:20-cv-555 (VAB)
     -vs- :
:   April 28, 2020
UNITED STATES OF AMERICA, :
:
                *Respondent*, :
:
D. EASTER, Warden of Federal :
Correctional Institution at Danbury, and :
MICHAEL CARVAJAL, Director of the :
Federal Bureau of Prisons, in their official :
capacities :
                *Respondents.* :
:
---------------------------------------------------------x

**SUPPLEMENT TO MOTION FOR ORDER OF ENLARGEMENT AS A PROVISIONAL REMEDY AS THE COURT CONSIDERS HER HABEAS ACTION**

     The Petitioner, Theresa Foreman, hereby supplements her Motion for Order of Enlargement as a Provisional Remedy as the Court Considers her Habeas Action, which was filed on April 24 (ECF No. 4) to provide additional evidence in support of her claim for enlargement as a provisional remedy on her claims pursuant to 28 U.S.C. §§ 2241 and 2255. As stated in the accompanying memorandum of law filed on April 24, a petitioner may qualify for the enlargement remedy if she can show "extraordinary circumstances" and that the underlying claim raises "substantial claims." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). Here, there is substantial evidence of both the extraordinary circumstances and substantial nature of Ms. Foreman's claims not only in her own declaration (filed on April 28, 2020, EFC No. 7), but also in multiple declarations filed in support of

a class action against the respondents alleging identical claims to those asserted in Count Four of Ms. Foreman's petition.

On April 27, 2020, a class action against defendants Warden Easter and Michael Carvajal was filed pursuant to 28 U.S.C. § 2241 alleging that a class of plaintiffs—namely, the prisoners at FCI Danbury—are being held in custody in violation of the Eighth Amendment to the United States Constitution.[1]  *See* Petition, *Martinez-Brooks, et al. v. Easter, et al.*, Docket no. 3:20-cv-569 (MPS).  The class complaint alleges that the respondents have violated the constitutional rights of prisoners at FCI Danbury in the following ways, which are consistent Ms. Foreman's allegations in Count Four.  In particular, the class plaintiffs allege the following relative to their claim under 28 U.S.C. §2241:

- Respondents' failure to provide adequate medical care in response to a widespread outbreak of a contagious disease constitutes deliberate indifference to the serious, known medical

---

[1] The preliminary statement in the class complaint provides as follows:

> Petitioners bring this action against the Warden of FCI Danbury and the Director of the Federal Bureau of Prisons ("BOP") on behalf of themselves and the class of prisoners held at FCI Danbury who are at imminent risk of contracting COVID-19, which feeds on precisely the unsafe, congregate conditions in which they are held. Respondents are aware of the grave dangers posed by COVID-19 and have failed to implement measures to comply with their constitutional obligations to those in their custody. Because of their unlawful and unconstitutional confinement, Petitioners seek emergency orders requiring a two-part response, the immediate transfer of the most medically vulnerable individuals to home confinement or other appropriate settings and immediate implementation for those who remain of the social distancing and hygiene measures essential to lowering the risk of the disease and of death.

Petition, *Martinez-Brooks, et al. v. Easter, et al.*, Docket no. 3:20-cv-569 (MPS).

- needs of detainees, thereby establishing a violation of the Eighth Amendment of the United States Constitution.

- Because of the conditions at FCI Danbury, Petitioners are not able to take steps to protect themselves—such as social distancing, using hand sanitizer, washing their hands regularly, and disinfecting their surroundings—and the government has not provided adequate protections. As COVID-19 rapidly spreads at FCI Danbury in a matter of days, as experts predict, the already deplorable conditions at FCI Danbury will be exacerbated, and the ability to protect oneself will become even more impossible.

- Respondents were aware of the medical needs of the population and the pervasiveness of prisoners and staff exhibiting COVID-19 symptoms throughout the prison.

*See* Petition, *Martinez-Brooks, et al. v. Easter, et al.*, Docket no. 3:20-cv-569 (MPS) at p 63-65. In support of the class allegations, the petition referenced eleven additional declarations from prisoners at FCI Danbury, which provide further support for Ms. Foreman's characterization of the risks posed by the conditions at the camp at FCI Danbury.[2]

Accordingly, in further support of her request for enlargement and of the allegations against the respondents, Warden Easter and Michael Carvajal, Ms. Foreman provides the Court with declarations from eleven other prisoners at FCI Danbury, which are filed as exhibits to the class complaint.  *See* **Exhibits A-K** (attached hereto).

---

[2] Although the declarations are also from prisoners at the FSL for men and for women, the conditions at those facilities are properly considered by this Court since, as Ms. Foreman asserts in her declaration, correctional staff moves between the three facilities.  *See* Foreman Decl. at ¶ 11 (ECF No. 7).

3

WHEREFORE for reasons set forth herein and in petitioner's moving papers, Ms. Foreman respectfully requests that the Court grant her request for a provisional remedy of enlargement during the pendency of her habeas.

                                        Respectfully submitted,

                                        THE PETITIONER,
                                        THERESA FOREMAN

                                        FEDERAL DEFENDER OFFICE

Date: April 28, 2020                    /s/ Allison M. Near
                                        Assistant Federal Defender
                                        265 Church Street, 7th FL
                                        New Haven, CT 06510
                                        Phone: (203) 498-4200
                                        Bar No.: ct27241
                                        Email: Allison_Near @fd.org

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on April 28, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ Allison M. Near